## CYRUS MOORE *versus* THOMAS BOYD.

In trespass *quare clausum*, it is not necessary to prove the trespass to have been committed on the day alleged in the declaration; and an amendment, changing the time, although unnecessary, may be permitted by the presiding Judge.

An entry upon the premises by the owner for that purpose, will have the effect to determine the estate of a tenant at will, and restore the legal possession to the owner in a qualified manner, subject to the right of the tenant to remove his property within a reasonable time.

After an entry upon the premises to terminate a tenancy at will, the tenant has no longer any other rights, than those of ingress, egress and regress, for a reasonable time, to take care of and remove his property, and can no longer continue the occupation for the purposes of ordinary business.

But although an entry into real estate by the owner thereof, to terminate a tenancy at will, may be lawful and justifiable, yet if the tenant should be thrust out with violence, or without allowing him a reasonable time to remove, that act would be unlawful, and would be such a violation of his rights of occupation for a special purpose, as would enable him to maintain an action of trespass *quare clausum*.

THIS was an action of trespass *quare clausum*. The trespass was alleged to have been committed on August 4 and 5, 1840. During the trial, the plaintiff moved for leave to amend his declaration by adding a new count, alleging the same trespass to have been committed on July 17, 1840. *This was* objected to by the defendant, but permitted by the Judge, and made.

The case came before the Court on a report of the case, reciting the whole testimony, the substance of which will be found at the commencement of the opinion of the Court; and on a motion for a new trial, because the verdict was against evidence.

Upon the evidence, TENNEY J. presiding at the trial, instructed the jury, that they could only find two distinct trespasses; that the question was not when they were committed, but whether they were committed at all; that the plaintiff had a right to amend and allege the trespass as committed on the 17th of July, but under this declaration the jury could find only two distinct trespasses; that if the relation of landlord

and tenant by a parol lease existed between the plaintiff and defendant, and the agreement between them was that the plaintiff should pay the rent at the time agreed upon, as a condition to be performed by him to entitle him to continue the occupation, and he failed therein, he could not complain, if he were required to remove immediately, and his lease would be terminated on that failure, but if there was no such condition, but the agreement was that the plaintiff might continue a year, and the defendant should receive his rent quarterly, or at any particular time, the obligation would be such, that the plaintiff would be entitled to a reasonable time within which to remove his property from the mill, if by the terms of the lease the time had not expired; and the defendant would not have the right to hinder him in such removal; that both parties could put an end to the lease before the expiration of the time, or one only could do so; but if the defendant chose to put an end to the lease without the consent of the plaintiff, before the expiration of it by its terms, that the plaintiff should have a reasonable opportunity to remove his property from the mill, and the premises leased, before he interrupted him in going in and out, to take away the machinery, &c. and if this was not allowed this action could be maintained; that what was a reasonable time, was a question of fact, depending upon all the circumstances of the case, and for the jury to settle under certain rules and instructions of the Court; that if the jury were satisfied that the defendant, on the 17th of July, went into the mill and directed Gould, who was in the mill, to stop the same, and exercised acts of ownership over it, the jury might regard it as an entry; and if Gould gave notice thereof to Veazie, the agent of the plaintiff, it was the same as if given to the plaintiff; and if they further found, that between that and the next interruption by the defendant, if on the 17th July, the seasonable opportunity to remove as aforesaid was given, they should return a verdict for the defendant, but if they should find the first entry was on the 17th, or any other time after that, any interruption to the removal of the property of the plaintiff was made by the defendants before a reasonable

time had elapsed, the plaintiff would be entitled to recover, but not for the shutting up the mill the first part of August, if the shutting up was at that time, and if that was after the expiration of such reasonable time after the entry and notice; that in determining whether the time was reasonable or not, the nature of the occupation and employment and condition of the property was to be regarded; that the plaintiff was not bound to use extraordinary diligence, he was entitled to reasonable opportunity to take out his property and set it up in some other place; that in assessing damages they would lay out of the case any losses which the plaintiff might have sustained by losing an opportunity to saw the blocks, in fulfilment of his contract, nor were damages recoverable for a violation of defendant's contract in the lease with the defendant; that if they found a reasonable opportunity to remove the machinery and other property belonging to the plaintiff had not been given, they would be authorized to return a verdict for the loss occasioned by such reasonable opportunity not being given, and if the defendant took out the machinery or other property and put it in any other place without giving the plaintiff such reasonable opportunity to remove it, and gave no notice thereof to the plaintiff, the jury would be allowed to return a verdict for the value of the same, but in such case they would not return any thing for the loss arising from such opportunity not being given.

The defendant's counsel requested the Court to give the following instructions, viz : —

1. That no notice to quit was by law necessary.

2. That if the plaintiff had any remedy it was in assumpsit, and not in the present form of action.

3. That the defendant had a right of entry, and could enter at any time to terminate the lease, and consequently the plaintiff's action could not be maintained.

4. That in the present action the plaintiff is not entitled to recover damages, if any, for other than that done to the plaintiff's machinery in removing it from the mill.

1st, 2d, and 4th requests; the presiding Judge declined to give any further or different instructions, than those expressed in the general instructions to the jury. Under the third request, he instructed them, that in a parol lease the landlord had a right of entry for the purpose of terminating the lease at any time, but declined giving them the instruction; that therefore this action could not be maintained any further than is contained in the previous instructions. The verdict was for the plaintiff.

If the foregoing rulings were correct, and the instructions given to the jury were also correct, and those requested and not given were properly withheld, judgment was to be rendered on the verdict; but if otherwise, the verdict was to be set aside, and a new trial granted.

*Hobbs* argued for the defendant, and in the course of his remarks, cited *Ellis* v. *Paige*, 1 Pick. 47; Cruise, Tit. 9, c. 1, § 18; Co. Litt. 55 (b); *Curl* v. *Lowell*, 19 Pick. 25; *Moshier* v. *Reding*, 3 Fairf. 483; *Davis* v. *Thompson*, 13 Maine R. 209; *Rising* v. *Stannard*, 17 Mass. R. 282; No. 44, of American Jurist, 460; 2 Chitty's Pr. 753; *Barnstable* v. *Thatcher*, 3 Metc. 342; 14 Pick. 552; 4 Johns. R. 15; 14 Johns. R. 135; 4 Kent, 116; 1 Chitty's Pl. 54.

*A. G. Jewett* and *T. McGaw* argued for the plaintiff, citing *Ellis* v. *Paige*, 1 Pick. 43; *Davis* v. *Thompson*, 13 Maine R. 209; *Bishop* v. *Baker*, 19 Maine R. 517.

The opinion of the Court was drawn up by

SHEPLEY J. — This case is presented for consideration on a report by the presiding Judge, and on a motion for a new trial, because the verdict was against the weight of evidence. There appears to be an error in the testimony of some of the witnesses respecting the time, when certain acts were done; and it may not be easy to reconcile the whole of the testimony; or to determine the precise time, when certain events occurred. But it will not, it is believed, be difficult to state the order of events, with the material facts attending them. There is no

sufficient reason to doubt, that a verbal agreement was made between the plaintiff and defendant, during the latter part of the month of April, 1840, for a lease of the saw mill to the plaintiff for the term of one year, for the purpose of sawing paving blocks. And that the plaintiff, by his agents, entered and made the alterations, and introduced the machinery necessary for the performance of that business, the defendant having a full knowledge of it and making no objection to it; and that the workmen commenced and continued for a time to saw the blocks. The defendant afterward entered into the mill, probably the latter part of the month of June, forbid the workmen to saw, and directed them to shut down the millgate. The order was obeyed. And one of the workmen proceeded to Bangor and informed the plaintiff's agent, Veazie, of these proceedings. While he was absent for this purpose, the "cutting off saw" was removed from the mill, probably by the defendant, or by his order, as it was afterward produced by his agent, who states, that it was found in a store occupied by the defendant. After this the defendant appears to have left that place on a journey to Boston, and to have left the mills in charge of Ellis as his agent. The agent of the plaintiff then visited the mill and obtained permission from Ellis to occupy it as before, until the defendant returned. He obtained the saw from Ellis, and the workmen commenced again to saw in the mill, and so continued until after the defendant returned. The defendant again entered into the mill probably about the middle of the month of July, forbid the workmen to saw, and took out the "cutting off saw" and the mill chain. The agent of the plaintiff being informed of it, again visited the mill and endeavored to induce the defendant to permit him to continue to use it, but without success. He then informed him, that he should "get a chain and saw and carry on the mill;" and he did so, and the workmen continued to saw in the mill until the fourth day of the next August, when they were arrested by an officer and removed from it by virtue of a legal process. On the following day the mill "was planked up."

The action is trespass *quare clausum*. The declaration alleged a trespass on the fourth and fifth days of August, 1840. The plaintiff was permitted to amend by alleging the same acts to have been committed on the seventeenth day of the preceding month. It is not necessary in this form of action to prove the trespass to have been committed on the day alleged. Although the amendment was unnecessary, it might well be permitted.

It remains to consider the legal effect of these proceedings, and the rights of the parties arising out of them. The plaintiff had acquired only the rights belonging to a lessee at will. The defendant might terminate those rights at his pleasure. He could do no illegal act under pretence of doing it. It will not be important to consider the effect of the entry made by the defendant in June, if his agent could authorize the agent of the plaintiff to resume and continue the occupation. The entry made in July would then have the effect to determine the estate of the plaintiff, and to restore the legal possession to the defendant in a qualified manner, subject to the right of the plaintiff to remove his property within a reasonable time. But the plaintiff could have no longer any other rights, than those of ingress, egress, and regress, for a reasonable time to take care of and remove his property. He could no longer lawfully continue the occupation for the purpose of sawing his paving blocks. *Davis* v. *Thompson*, 1 Shepl. 209; *Curl* v. *Lowell*, 19 Pick. 25. An entry may be lawful and justifiable for one purpose, and unlawful and unjustifiable for another. While an entry to determine an estate is lawful, yet if the tenant should be thrust out with violence, or without allowing him a reasonable time to remove, that act would be unlawful, and would be such a violation of his right of occupation for a special purpose as to enable him to maintain the action of trespass *quare clausum*. *Ellis* v. *Paige*, 1 Pick. 43. In this case the defendant would then appear to have violated the plaintiff's right of occupation for a special purpose, by the removal and detention of the "cutting off saw," (it being the

property of the plaintiff) when he made the entry in July. And he could not therefore fully justify that entry and his proceedings under it. The agent of the plaintiff, instead of submitting to the determination of his estate and proceeding to make preparations for a removal of his property, as he should have done, " told the defendant he should get a chain and saw and carry on the mill." He did so; and withheld the possession from the defendant, not for the special purpose of removing the plaintiff's property, but for the purpose of continuing to use the mill, as before, for sawing the blocks. And he so continued to occupy the mill from the seventeenth day of July to the fourth day of August, without making apparently the least preparation for removal of the property and without exhibiting any indications of such an intention. And from his own declarations it would seem to be clearly proved, that he intended to persist in the course he had commenced. The defendant was not obliged to submit to such a declared and open violation of his rights. He might lawfully use the means necessary to prevent it, and might, if necessary for that purpose, close up the mill. His entry and proceedings therefore on the fourth and fifth days of August were not necessarily illegal, even if a reasonable time had not elapsed for the removal of the property, because the possession does not appear to have been withheld from him for the purpose of such a removal. If the plaintiff have no cause to complain, that he was excluded from such an occupation, he can have none for a continuance of that exclusion, unless it should appear, that he was afterward refused entrance and opportunity to remove his property on application for that purpose. Upon the testimony now presented, the plaintiff, if duly authorized to continue to saw after the first entry, would appear to be entitled to recover for all injuries suffered by the removal of the " cutting off saw" from the mill on two different occasions, and for its value, as he withheld it, when it was demanded of him. He would not seem to be entitled to recover any further damages, unless it should be made to appear, that the defendant had unnecessarily injured his property

by removing it from the mill, or had injured it while in his possession, or had refused to permit the removal of it, when requested.

There is another aspect of the case presented by the testimony less favorable to the plaintiff. Ellis testified, that the defendant " charged him to let no one occupy the mills." According to this statement he had no authority, as the agent of the defendant, to permit the agent of the plaintiff to commence again to saw after the first entry. And unless that act has been ratified by the defendant, the plaintiff would appear to have been conducting unlawfully, while he continued to use the mill after that time for sawing blocks. And in such case, the defendant would be entitled to make the second entry with the rights and upon the principles already stated in relation to the last entry. The case not having been submitted to the jury upon these principles, the verdict is set aside and a new trial is granted.